**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**VINCENT L. SCOTT,**

   **Plaintiff,**

**vs.**                                                  **Case No. 4:05cv103-RH/WCS**

**OFFICER LYNN PRUETT,
et al.,**

   **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This is the *pro se* Plaintiff's second civil rights case filed against Defendant Lynn Pruett, a police officer employed by Florida State University Police Department.  In Plaintiff's first case in this Court, 4:03cv344-RH/WCS, judgment was entered in Defendant's favor on May 5, 2004, and Plaintiff's complaint was dismissed for failure to state a claim upon which relief may be granted.  Doc. 39 of that case.  Plaintiff filed an appeal to the Eleventh Circuit, and this Court's dismissal was affirmed.

Plaintiff acknowledges having previously filed that prior case in his initial complaint in this case.  Doc. 1.  Indeed, Plaintiff states that in the dismissal of his appeal, the Court noted that Plaintiff was not challenging the first arrest made by Defendant Pruett but was only challenging the third and fourth arrests.  Doc. 1, p. 2.

Plaintiff states his intention to now return to this Court "to address the first arrest . . . and the four consequent false imprisonments based on the bogus trespass warning given without cause."  *Id.*

**Claims of Plaintiff's complaint**, **doc. 1**

Plaintiff makes vague and incomplete allegations setting forth the circumstances of his first arrest.  Plaintiff does, however, reference the police report which was attached to the complaint.  That report explains that while on patrol, Defendant saw Plaintiff in the "Cawthon Lot" and he appeared "disheveled and was carrying a large plastic bag, which appeared to contain personal belongings."  Doc. 1, attachment. Defendant asked Plaintiff for some identification and he showed her a Florida ID card. *Id.*  When Defendant asked if Plaintiff was a student or employee, he said that he was "not affiliated with the University [but] was headed to the library."  *Id.*  A computer check revealed that a trespass warning had been previously issued to Plaintiff on February 11, 2000, by another officer.  *Id.*  The warning was reissued on February 15, 2002.  *Id.*  The report goes on to state that Plaintiff was "placed under arrest for trespass after warning" and transported to the Leon County Jail.  *Id.*  Plaintiff was against reissued a trespass warning and advised of "the consequences for violation of the warning."  *Id.*  Those events transpired on January 5, 2003.  *Id.*

Additionally, Plaintiff acknowledges within the complaint that he was walking across a parking lot on the Florida State University campus when stopped by Defendant.  Doc. 1, p. 3.  Plaintiff's affidavit, doc. 3, and complaint make clear that Plaintiff is not employed at Florida State University, is not a student there, and Plaintiff "lives on the Street" and is a frequent visitor at "the Shelter."  Docs. 1, 3.  Plaintiff admits

that he had previously been given a trespass warning, although he contends it was "Bogus," and Plaintiff admits that after being issued the warning he was arrested and placed in jail four times. Doc. 1, p. 3. Plaintiff acknowledges that he was "defying the Bogus Trespass Warning" and states that he "did not challenge the Bogus Trespass Warning in Court until his third arrest and the State Attorney dropped the charge, making the Bogus Trespass Warning Moot." *Id.* Plaintiff claims that FSU police are harassing "poor and indigent persons" and contends that Defendant Pruett has a malicious intent in arresting him because he asserts that the fourth arrest was on a "trump[ed] up" charge of trespass in an occupied dwelling. *Id.*, at 4.

**Analysis**

Plaintiff has already had an opportunity to litigate the claims raised in this case in his prior federal court case, 4:03cv344-RH/WCS. The doctrine of *res judicata* forecloses relitigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991). *Res judicata* bars a subsequent suit if "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Jang v. United Technologies Corp., 206 F.3d 1147, 1149 (11th Cir. 2000), *quoting* Israel Discount Bank, Ltd. v. Entin, 951 F.2d 311, 314 (11th Cir. 1992).

There was a final judgment on the merits, issued by a Court of competent jurisdiction, as acknowledged by Plaintiff in his motion for *in forma pauperis* status, doc. 2. Plaintiff lost in his prior case before this Court and also in the Eleventh Circuit Court of Appeals. As it was concluded that Plaintiff failed to state a claim upon which relief

could be granted, Plaintiff has lost on the merits twice already and had the opportunity

to litigate the claims he now raises in this case.

As for the third requirement, the parties in this case and in the first case are the

same.  Although Plaintiff spelled the surname of the Defendant differently, it is obvious

that Officer Lynn Pruett is the same as Officer Prutt as named in the first case.

Finally, as to the last requirement, the causes of action are considered the same

when they arise "from the same nucleus of operative fact" and rely "on the same factual

predicate."  Jang, 206 F.3d at 1149.  In determining whether the causes of action are

the same, the court must compare the substance of the actions, not their form."  I. A.

Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).  Here,

both the prior and present § 1983 causes of action are the same because the actions

arise "out of the same nucleus of operative fact, or [are] based upon the same factual

predicate."  In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir.), *cert. denied*, TDY

Indus., Inc. v. Kaiser Aerospace & Elec. Corp., 534 U.S. 827 (2001), *quoted in* Davila v.

Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003).  The factual predicate which

sits as the basis for all of Plaintiff's arrests is the issuance of the trespass warning

before Plaintiff was arrested.  Whether challenging arrest number one, two, three, or

four, Plaintiff is still challenging arrests which were made after he was issued a trespass

warning, a fact he does not deny although Plaintiff does contend that the warning was

"bogus."  It is undisputed, however, that the warning was issued and that fact is crucial

to all of Plaintiff's claims.[1]  Thus, even though there were several separate arrests, the

common nucleus for all of Plaintiff's claims is the trespass warning.  The *res judicata*

---

[1] This Court is not the proper place to challenge the validity of the trespass warnings.

doctrine serves to bar Plaintiff's claims in this case even though he is now challenging the first arrest and he previously challenged a later arrest.

"Res judicata, or claim preclusion, bars relitigation of matters that were litigated or could have been litigated in an earlier suit." Manning v. City of Auburn, 953 F.2d 1355, 1358 (11th Cir. 1992), citing Nevada v. United States, 463 U.S. 110, 130, 103 S.Ct. 2906, 2918, 77 L.Ed.2d 509 (1983).  Therefore, Res judicata applies to foreclose claims that could have been litigated in an earlier suit even though they were not raised. I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986), quoted in Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) (concluding that a prior § 1915 dismissal "without prejudice" will not bar a subsequent case otherwise the "with prejudice" and "without prejudice" distinction would be meaningless).  Here, Plaintiff could and should have raised all claims concerning all of his arrests by Florida State Police officers in the prior case.  Plaintiff's claims all stem from the same operative fact, issuance of a trespass warning and his alleged trespass after that fact.  These claims could and should have brought previously.[2]

Although res judicata bars Plaintiff's claims, another reason for dismissal of this case is that Plaintiff's claims fail on the merits.  Plaintiff acknowledges that he had been given trespass warnings prior to his arrest by the Defendant.  Plaintiff's arrest was, accordingly, supported by probable cause.[3]  Plaintiff has the burden of demonstrating

---

[2] Judicial economy is best served when all interrelated claims are brought in once case rather than in multiple actions.

[3] "Probable cause exists if 'the facts and the circumstances within the collective knowledge of the law enforcement officials, of which they had reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed.'" Madiwale v. Savaiko, 117 F.3d 1321, 1324

the absence of probable cause in order to succeed on his § 1983 complaint.  Evans v.

Hightower, 117 F.3d 1318, 1320 (11th Cir. 1997).  Because he cannot do so, this case

should proceed no further and dismissal is warranted prior to service.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

granted.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2005.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and
recommendations within 15 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 10
days after being served with a copy thereof.  Failure to file specific objections
limits the scope of review of proposed factual findings and recommendations.**

_____

(11th Cir. 1997), *quoting* United States v. Jimenez, 780 F.2d 975, 978 (11th Cir. 1986);
*see also* Rankin v. Evans, 133 F.3d 1425, 1433 (11th Cir.), *cert. denied* 119 S. Ct. 67
(1998)(stating that probable cause determinations consider whether "a reasonable man
would have believed [probable cause existed] had he known all of the facts known by
the officer.").  Plaintiff's own complaint demonstrates that Defendant had probable
cause to arrest Plaintiff for violating a trespass warning when he was on FSU property
at the time of his arrest.